Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1212 | **DATE** | 7/8/2010 |
| **CASE TITLE** | Simonian vs. Hunter Fan Company | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [18] is denied.  Joint status report to be filed by 7/23/10.  Status hearing remains set for 7/28/10 at 8:30 a.m.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

   Before the Court is Defendant Hunter Fan Company's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction.  In its motion, Defendant asserts that a first-to-file limitation on false patent marking *qui tam* actions jurisdictionally bars Plaintiff Thomas A. Simonian's ("Plaintiff") action.  For the following reasons, the Court denies Defendant's motion to dismiss.

### BACKGROUND

   In this *qui tam* action, Plaintiff alleges that Defendant violated 35 U.S.C. § 292 by marking certain of Defendant's thermostat products with United States Patent Number 4,911,358 even though that patent had expired.  (R. 1, Complaint, ¶¶ 1-2.)  Plaintiff further alleges that Defendant marked the thermostats with the "intent to deceive the public and to gain a competitive advantage in the market."  (R. 1, Complaint, ¶ 2.)  Pursuant to § 292, Plaintiff seeks, *inter alia*, an award of monetary damages against Defendant in the amount of $500 per false marking offense, one half of which is to be paid to the United States.  (R. 1, Complaint, ¶ 3, p. 6.)

   Continued...

| | |
|---|---|
| Courtroom Deputy Initials: | KF |

   Defendant has moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  (R. 19,

Def.'s Mot. at 3.)  In support of its motion to dismiss, Defendant contends that approximately four hours before Plaintiff filed the present suit, a different plaintiff filed a separate false patent marking *qui tam* action against Defendant based on the same material allegations.[1]  (R. 19, Def.'s Mot. at 2.)  Defendant claims that a provision of the False Claims Act, 31 U.S.C. § 3730(b)(5), creates a first-to-file limitation that jurisdictionally bars Plaintiff's action by preventing any person other than the Government from bringing a subsequent related action.  (R. 19, Def.'s Mot. at 3.)

In response, Plaintiff contends that the first-to-file limitation of the False Claims Act, 31 U.S.C. § 3730(b)(5), is inapplicable to this case as that statute applies to false claims cases and not false patent markings cases.  (R. 23, Pl.'s Resp. at 7).  In its reply, Defendant argues that a dismissal under Rule 12(b)(1) is nonetheless warranted on the alternative ground that the plain language of 35 U.S.C. § 292 bars a second action.  (R. 24, Def.'s Reply at 2-4.)  Defendant also argued in its reply that the reasoning behind the first-to-file limitation of 31 U.S.C. § 3730(b)(5) is equally applicable to false patent marking *qui tam* actions and thus requests the Court to apply a similar first-to-file limitation in this case.  (R. 24, Def.'s Reply at 4.)

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute."  *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008) (citation and quotation marks omitted).  As such, "[e]nsuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."  *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005).  As the Seventh Circuit explains, "[s]ubject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself."  *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008).  Furthermore, the proponent of federal jurisdiction bears the burden of establishing subject matter jurisdiction.  *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) ("[The] party that chooses federal court [must] set out the basis of federal jurisdiction and prove any contested factual allegation."); *see also Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009) ("The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction.").

## ANALYSIS

In its motion, Defendant requests the Court to apply the first-to-file limitation of 31 U.S.C. § 3730(b)(5), a provision of the False Claims Act, to the present false patent marking case.  When determining the applicability of a statutory provision, the Court must "assume[] that the purpose of the statute is communicated by the ordinary meaning of the words Congress used; therefore, absent any clear indication of a contrary purpose, the plain language is conclusive."  *U.S. v. Ye*, 588 F.3d 411, 414-415 (7th Cir. 2009); *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980) ("[T]he starting point for interpreting a statute is the language of the statute itself.  Absent a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive."); *Pittway Corp. v. U.S.*, 102 F.3d 932, 934 (7th Cir. 1996) ("All statutory interpretation begins with the language of the statute itself, and where the statute's language is plain, the sole function of the courts is to enforce it according to its terms.") (citations and quotation marks omitted).  Here, the plain language of the relevant provision of the False Claims Act is clear and requires denial of Defendant's motion to dismiss.

---

[1] As requested by Defendant, the Court takes judicial notice of court filings from Case No. 3:10-cv-0359-P pending in the Northern District of Texas.  *See Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) ("Judicial notice of . . . documents contained in the public record . . . is proper."); *see also* Fed. R. Evid. 201.

The Seventh Circuit has explained the False Claims Act as follows:

> The False Claims Act prohibits the submission of false and fraudulent claims for payment to the government.  31 U.S.C. § 3729(a).  It also authorizes private citizens (called "relators") to file civil actions on behalf of the government (called "qui tam" actions) to recover money that the government paid on account of false or fraudulent claims.  *Id.* § 3730(b)(1).  To encourage private citizens to come forward with knowledge of fraudulent activity, the FCA entitles prevailing relators to collect a substantial share of the funds they recover.  *Id.* § 3730(d)(1)-(2).

*Glaser*, 570 F.3d at 912; *Rainwater v. United States*, 356 U.S. 590, 592 (1958) ("[T]he objective of [the False Claims Act] was broadly to protect the funds and property of the Government from fraudulent claims, regardless of the particular form, or function, of the government instrumentality upon which such claims were made."). While a private person may bring a civil action under the False Claims Act, such an action is subject to the first-to-file limitation of § 3730(b)(5).  31 U.S.C. § 3730(b)(5) (2010) ("When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action.").

The plain language of the False Claims Act's first-to-file provision states that the provision is applicable "when a person brings an action under this *subsection*."  § 3730(b)(5) (2010) (emphasis added).  According to the plain language of the statute, the first-to-file limitation contained in § 3730(b)(5) is thus inapplicable to claims brought under a different statutory title and section.  In other words, § 3730(b)(5) is inapplicable to the present action, which Plaintiff brought under 35 U.S.C. § 292, a false patent marking statute intended to prohibit a person from, *inter alia*, "mark[ing] upon, or affix[ing] to, or us[ing] in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public."  35 U.S.C. § 292 (2010).  Furthermore, Defendant has failed to produce, and the Court has not found, any case law to support the applicability of the first-to-file limitation of § 3730(b)(5) of the False Claims Act to false patent marking cases.  Instead, the case law relied on by Defendant merely demonstrates the applicability of the statutorily created first-to-file limitation to false claims cases and not false patent marking cases.  Although Plaintiff bears the burden to prove subject matter jurisdiction, the Court will not require Plaintiff to present, as Defendant suggests, case law demonstrating the inapplicability of a statute that is clearly inapplicable on its face.

Finally, in its reply, Defendant argues that "[35 U.S.C. § 292 only provides for a single lawsuit and a single recovery" and that "even assuming that the 'first-to-file' rule for *qui tam* actions is not directly applicable to false marking suits, the reasoning behind the 'first-to-file' rule applies equally to [a] *qui tam* action under 35 U.S.C. § 292 and further supports the plain language of § 292 as only authorizing a single *qui tam* action for false marking."  (R. 24, Def.'s Reply at 2-4.)  Defendant, however, has waived these arguments by raising them for the first time in its reply brief.  *London v. RBS Citizens, N.A.*, 600 F.3d 742, 747 (7th Cir. 2010).

The plain language of 31 U.S.C. § 3730(b)(5) does not create a first-to-file limitation for false patent markings cases nor has Defendant provided any legal authority to the contrary.  The Court therefore denies Defendant's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion to dismiss for lack of subject matter jurisdiction.